# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0739** (Marion County 16-F-100)

**Billie Jo Casto,**
**Defendant Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Billie Jo Casto, by counsel Holly Turkett, appeals the Circuit Court of Marion County's July 5, 2016, order suspending her sentence of one-to-ten years in prison for entry of a building other than a dwelling house, in violation of West Virginia Code § 61-3-12, and imposing a probationary period of three years.[1] The State of West Virginia, by counsel David Stackpole, filed a response. On appeal, petitioner argues that she received constitutionally ineffective assistance of counsel during her plea negotiations and plea hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, petitioner was charged with two felonies (entry of a building other than a dwelling house and breaking and entering) for breaking into a store in Marion County, West Virginia, with the intent to steal items inside. According to the criminal complaint, video showed petitioner entering the store through a previously locked door. At some time following the filing of the criminal complaint, petitioner was appointed counsel. She waived her right to a preliminary hearing and posted bond.[2] Petitioner's case was bound over to the grand jury.

In June of 2016, the circuit court held a plea hearing.[3] Petitioner and the State had agreed that petitioner would plead guilty to one count of entry of a building other than a dwelling house.

---

[1]Attorney Turkett was not petitioner's trial counsel.

[2]It is unclear from the record on appeal whether petitioner was incarcerated prior to posting bond and, if so, for how long.

[3]Neither the parties nor the record on appeal explain the delay of two years between petitioner's waiver of the preliminary hearing in 2014 and her guilty plea in 2016.

1

In exchange for her guilty plea, the State would not pursue the second felony count of breaking and entering and would not oppose a motion for a suspended sentence.

At the time of the plea hearing, petitioner waived her right to an indictment by a grand jury and was charged by information with one felony count of entry of a building other than a dwelling house. During the hearing, the circuit court engaged in a plea colloquy with petitioner. When the circuit court asked petitioner whether she was under the influence of any substance, petitioner answered that she had taken Subutex four days before the hearing. While petitioner claimed without any evidentiary or other support that Subutex "remains in your system for a week or so[,]" she and her counsel repeatedly stated that Subutex did not affect her ability to think clearly. When asked on four separate occasions whether she was thinking clearly and understood the purpose of the hearing, petitioner answered each question, "[y]es, sir."

Further, petitioner verified that her answers were true, and she expressed her satisfaction with her attorney. During the plea colloquy, petitioner set out the factual basis for the crime, stating that she had entered the store without permission with the intent to steal items inside. At the conclusion of the hearing, the circuit court accepted the plea as voluntarily, intelligently, and knowingly entered. As to sentencing, petitioner moved, without opposition, for a suspended sentence in place of the prison term. The circuit court granted the motion. Petitioner's one-to-ten year prison term was suspended, and three years of probation was imposed. This appeal followed.

Petitioner's lone assignment of error on direct appeal is that she received ineffective assistance of counsel during the underlying criminal proceedings. We have long held that

> [i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). We have also explained that

> [t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

*State v. Miller*, 194 W.Va. 3, 15, 459 S.E.2d 114, 126 (1995).

Petitioner contends that her trial counsel was constitutionally ineffective for (1) failing to "strongly advocate" during plea negotiations; (2) failing to properly address petitioner's

2

substance abuse during the plea hearing; and (3) failing to object to the sentencing order being entered without proper credit for time served.[4] Having reviewed the circumstances of this appeal, we find, in accordance with this Court's holdings in *Triplett* and *Miller*, that petitioner's arguments are more appropriately addressed in proceedings in habeas corpus. Accordingly, we decline to address the merits of petitioner's assertions that her trial counsel was constitutionally ineffective.

For that reason, we affirm.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[4]We note that petitioner does not indicate how much credit for time served she claims she should have received. Further, she fails to provide any citations to the record on appeal to support this assertion.

3